Ruffin, C. J.
 

 The instructions were right upon the question of usury The point, as to the amount of interest, was referred to arbitrators, and there is nothing to shew, that their determination was not the honest result of their judgment, without collusion with the view of giving color to an arrangement of the parties in evasion of the statute. The award, thus fairly made, judicially established the interest legally due, and one of the parties can no more unravel the award in order to open the question, than he could, for that purpose, go behind a judgment or decree of a Court of justice. Besides, the decision of the arbitrators was perfectly correct. It is true, that interest on a debt from a guardian, is not compounded after the ward comes of age But, that was not done here. The mode of compounding the interest in such cases, is to make annual rests, making the aggregate of principal and interest, due at the end of a particular year, a capital sum bearing six per cent, interest, thence forward for another year, and so on with rests from year to year.
 

 But if a sum be found due at a rest day during the guardianship, that sum, being then converted into capital, is entitled to draw interest thereafter until it shall be paid, and that is but simple interest, there being no subsequent rest made. That was this case ; for the settlement was made within three months after the ward came of age, and, as the Court understands the statement, 6 per cent, interest merely was computed on the balance due at the preceding annual rest, during the infancy, from that day up to that of the settlement, on which the bond was given. That was legal, for as no rest was made after the full age of the ward, it is manifest he only got simple interest on the sum the law made principal during his minority. The other part of the instructions, if erroneous, was im
 
 *230
 
 material; since the endorsement from Trammell was not in issue on the record. If the plaintiff had brought the action on the case, given
 
 by the statute to
 
 the assignee of a bond, proof of the endorsement as well as of the bond would have been received on the general issue ; because, that goes to every fact entering into the right of the plaintiff and the obligation of the defendant to him. But in debt on a bond, the plea
 
 non est factum,
 
 is, in terms, restricted to the point, that the supposed bond is not the defendant’s deed ; consequently,, a special plea was necessary to put the endorsements in issue. But it was clearly erroneous to receive in evidence a bond for
 
 $262 56,
 
 under a declaration on one for $170 12, upon
 
 non est factum
 
 pleaded. The description of a deed in the declaration must be sustained
 
 by the proof;
 
 otherwise the pleadings do not identify the cause of action, and there would be no means, by which the defendant could avail himself, in another suit, of a judgment for or against him in this.
 

 Per Curiam. Judgment reversed and
 
 venire de novo.