This was a civil action brought upon a promissory note under seal, due the plaintiff as guardian of his ward (who arrived at full age on the 1st of November, 1863.) At Fall Term, 1873, the plaintiff recovered judgment, but in the hurry of business the interest was not computed (191) by the attorneys. Instead thereof, the following entry was made on the Minute Docket for the instruction of the Clerk: "Compound interest to 1st November, 1863, simple interest from that time." The Clerk in filling out the judgment computed compound interest up to November 1st, 1863, and then computed simple interest on the originalprincipal of the note from that time to the date of the judgment, instead of simple interest upon whole amount due November 1st, 1863, and this sum defendant paid into Court, which was afterwards received by plaintiff under protest. Plaintiff gave defendant notice of a motion to have said judgment corrected. Plaintiff moved accordingly to have said judgment corrected. His Honor being of the opinion that the said interest had been properly computed disallowed the motion, whereupon plaintiff appealed.
His Honor was clearly in error according to the universal practice and the well settled law. In Ford v. Vandyke, 33 N.C. 227, RUFFIN, C. J., thus announces the rule: "The mode of compounding interest in such cases is to make annual rests, making the aggregate of principal and interest due at the end of a particular year, a capital sum bearing six per cent interest, thence forward for another year, and so on, from year to year." It would be difficult to make the rule plainer.
If, in this case, the original principal of the note only bore interest, it would follow that there would be a less interest-bearing debt, after default of payment, than before, and the debtor would be taking advantage of his own wrong, since up to the majority of the ward all the accrued interest became interest bearing capital, while after that period this same accrued capital bore no interest at all. If this were the law, the longer the debtor could put off the payment of his debt, the more he would gain and the ward lose. Such is not the policy of (192) the law.
There is error. Judgment reversed and the cause remanded to the end that the judgment may be corrected in accordance with this opinion.
PER CURIAM. Judgment reversed.